The standard which the court should consider and that this court should consider is that set forth in 9 U.S.C. section 4, which states that if the making of the arbitration agreement be in issue, then a jury must resolve that dispute. The question, we believe, is, was the making of the arbitration agreement put in issue by the declarations for and against the motion to compel arbitration? We believe that it was... It's sort of a summary judgment standard, basically. Yes, Your Honor. I mean, is that what we're looking at? Yes, it is. So the real question is, what's California law about whether, in the undisputed circumstances here, these individuals, or at least in these circumstances, looked at most favorably to the Reillys? Under California law, would they be held to have agreed to arbitrate or not? Correct, Your Honor. So the error that we believe was committed was that the court itself decided these disputed issues, a decision which it is not permitted by statute to do, but rather that which a jury must do. And so therefore, what I'd like to do is clarify what it was that was in dispute as stated in the record. And the dispute here involves how many pages of the customer agreement... Let's assume everything that the Reillys say is true. Yes. That they never saw these two extra pages, but they did sign this other document in which they said they had read the document, the arbitration agreement and agreed to it. Let's assume that. What is California law with regard to whether that is an agreement, an enforceable agreement to arbitrate or not? Well, the question is, did they agree to arbitrate? And the Reillys' position in their sworn declarations is that because they never saw this missing page which says there has an arbitration clause in it, that they never agreed to that and that the only pages of which they saw were this first two pages. But there is some California law which seems to say, and as far as I can tell, the California law is not terribly lucid, but there is some California case law which seems to say that external material can be incorporated into an agreement and that if you have noticed that it is incorporated and you could get the incorporated material easily, then you are bound by what you sign. And in this instance, so the argument would be, in this instance, they were alerted to the fact that there was a pre-arbitration agreement. They had only to ask for it, so they're bound. Okay. It's my position, Your Honor, that that sentence on the last page which they signed is not determinative of all issues. That sentence, that acknowledgment, does not bar the Reillys' ability to present evidence to the contrary. And in fact, one of the cases which we cited in our brief called Fox v. Atriums involved a somewhat similar circumstance wherein there was an acknowledgment by an employee of having read and reviewed the contents of an employee handbook. And the court ruled that that acknowledgment was not sufficient to bind the employee to the statement in the handbook that said disputes would be arbitrated. So it's our view that that acknowledgment sentence is not enough by itself to end the entire issue. It does not eliminate the tribal issue of fact. Whereas the cases that have viewed the standard basically say two things. One, is there a dispute as to whether or not there was an agreement to arbitrate? And two, is there some evidence offered by, in this case, the plaintiff, to support their denial of the arbitrability agreement to arbitrate? And what we have provided to the court is multiple instances of discrepancy as to whether or not this missing page really was ever shown to the Reillys, specifically the fact that there are different date stamps on the pages which they signed which do not appear on the missing page. The fact that the version dates of the pages they signed are different from the ones on the page that was missing. And finally, the fact that the defendants both testified that this missing page, which is the customer copy, should have been given to the customer, but in fact it was not because it showed up in the defendant's files. So that is some evidence, we believe, which supports the affidavit of the Reillys that they were never shown that document. So we believe that the standard that should be applied here is, yes, there is an acknowledgment sentence that is a factor, a piece of evidence, which the jury may consider, but that that does not trump all of the other evidence that opposes the conclusion that they agreed to arbitrate. So that conflicting evidence, by the summary judgment standard, should be presented to the jury and decided by the jury in the context of Section 4. I'll reserve my time. Thank you. Okay. Thank you. May it please the Court. My name is Martin Fineman, and I'm with Davis Wright Tremaine, LLP of San Francisco, California. I would like to really just stress two points this morning, Your Honors. First of all, the Reillys have had a very full and complete opportunity to make precisely the argument that they have made before you this morning and in this appeal. They've raised this exact argument at least four times and have been denied every time they've brought it up. Just briefly. So what? We're sitting here on appeal now. They now have an appeal, and here we are. That's correct. The point I'm trying to make simply is this is nothing new. This is nothing that hasn't already been decided twice by the district court. This is an appellate court. We decide every day whether other people's decisions are right or wrong. Right. Certainly, Your Honor. One of those prior occasions. But there's a genuine dispute here. It's an advance order of trial. No, Your Honor. We could. That would certainly be within your power, but respectfully, I don't think that would be the proper argument.  But we could. I understand, Your Honor. All right. What I would like to stress is that the issue before the court is a very narrow one. Specifically, the issue raised by the Reillys that they're complaining of is that the district court granted the motion to compel arbitration without giving them a jury trial on the issue of whether the arbitration clause was valid or was not. They are right that if there's a disputed issue of facture, they should have a jury trial. Yes?  Are they right about that? That if there's a relevant material disputed issue of fact, they should have a jury trial. Is that right? That's correct. The standard is set forth in the Saturday Evening Post case, Saturday Evening Post v. Rumble Seat. That was the case that had to do with a license agreement for the Norman Rockwell paintings, which the licensee was making dolls of those illustrations. And there the exact same claim was made that there should have been a jury trial on the issue of whether an arbitration clause was valid or not or had been made. And what the court said, setting forth the standard is, it is not true that merely demanding a jury trial – pardon me – it is not true that by merely demanding a jury trial, a party to an arbitration agreement can get one. He can get one only if there is a triable issue concerning the – It's a summary judgment standard. Is that what we're after? It's interesting. The cases actually call it a summary judgment type standard or sort of. One of the cases even called it sort of a summary judgment standard. But, Your Honor, as the Rumble Seat case states, the question is whether the dispute concerns questions or only legal – concerns no questions of fact or only legal questions. So to that extent, it certainly does sound like a summary judgment standard. But if there isn't any genuine dispute of fact – Or maybe a broader question than a summary judgment question, because it may be it doesn't matter if the facts are material, just whether they're disputed. That's correct. It doesn't matter if they're disputed. It sounds like if anything it's broader, it's not narrower. So let's assume it's a summary judgment standard for now. Right. I – yes, that's right. Well, as I say, the explication of the standard, I think, is best set forth in the Saturday Evening Post case. And certainly cases that have been cited in the briefs talk about it being a summary judgment type standard. But why isn't there a dispute of fact here? Right. It's important to bear in mind exactly what the – Mr. Riley's declaration and Mrs. Riley's declaration actually says, or actually alleges. He simply states in paragraph 11 of the declaration, which is at the excerpt of record, page 36, quote, to the best of my knowledge and recollection, I swear that the second and fourth pages of Defendant's Exhibit A, which contains the arbitration clause, was not shown to me or my wife. That's all – that's all that they're relying on to state that some dispute exists. And they're relying on some evidence regarding the state of the documents as well. That's right. And I'll treat that in just a moment, although I don't think that that – well, as I'll explain, I don't think that that creates any sort of an issue whatsoever. But against the statement – Could you answer my question? It seems to me that what this really turns on is whether, assuming they're right that they didn't see pages two and four, who wins? We win. And the case – Let's address that question. Yes. That seems to me to be the central question. Very good, Your Honor. Yes. Just very briefly, the factual background is that they – there is no dispute. They admit that they signed the arbitration agreement. They admit that's their signature. They don't contend there was forgery, fraud in the inducement, or anything else. They admit they signed it, and they admit they signed it right below a statement that says, by signing this agreement, I acknowledge I have read, received, and agreed to the pre-dispute arbitration section of the agreement. So that gets us back to the declaration, which merely says that, to the best of my knowledge and recollection, I swear that that wasn't shown to me. The cases state, which Your Honor has already referred to, the cases state that that simply doesn't matter. The fact that a party didn't receive a copy of the agreement – The cases seem to state a lot of things. That's the problem. They seem sometimes to state one thing and sometimes to state another. And the question is, how do we wind our way through them? Well, I think the key is the Madden v. Kaiser Foundation Hospitals case, which we cited in our brief, the Bolanos v. Kalashin case, which we've cited in our brief, and the Villa-Garcia v. Merrill Lynch case, which is at 833 Federal Second 543. It's a Fifth Circuit case. And all of those cases say that it doesn't matter that a party didn't read the agreement. It doesn't matter that the party didn't understand the agreement. And it may matter that they didn't have the agreement. That's a different point. Beg your pardon? It may matter that they didn't have the agreement. No, actually, the Madden case treats that issue. The Madden case was one where it was a medical malpractice-oriented claim, bad blood transfusion against Kaiser Hospital. The party was a member of Kaiser only by virtue of their collective bargaining agreement provided them with health benefits with Kaiser. So the state had agreed to arbitration. The party had never signed any agreement to arbitrate at all, and still it was held that the arbitration agreement was valid with respect to the patient. In the Bolanos v. Kalashin case, the party not only claimed that he didn't read the agreement, he didn't even speak English, couldn't have read the agreement. He furthermore claimed that he didn't read the agreement. Well, it seems to me the most relevant cases, the most recent cases, are the Chan case and the one that came after at Spelman, is that what it's called? And they seem to be running off in somewhat different directions. But in this situation, the standard as I understand it is, was it clearly brought to their attention that there was something that was being incorporated from the outside and could they have gotten it, right? And this is rather murky because of what they say, I have read, received, and agreed to the pre-dispute arbitration section of this agreement, but they didn't, in fact, taking their facts, they never saw the pre-dispute arbitration section and they didn't necessarily know what it was talking about. There was no plain place to go to get it. Where would you go to get it? Well, they were there in the Washington, the WM Financial Services Office, signing the agreement. And if we're going to indulge the plaintiff's assertion that they signed an agreement that said, I have received and read and acknowledged the pre-dispute arbitration agreement, that appears, as the district court said, within inches of their signature, but they didn't get it. They were right there in the office to ask for it. So I think, Your Honor. What's odd about this is on their view of the facts, they were handed a couple of pieces of paper which were said to be the agreement, right? Then they said they agreed to the pre-dispute arbitration part of this agreement. Right. They thought they had the whole agreement. It's kind of murky as to what that might have referred to, but there was no indication that there was to them, this is what troubles me, that there was something else that was being incorporated other than what they were handed. I guess. How would they know? Unlike a reference, say, to the NASD rules as in Spellman. Here, how did they know there was something else that was being incorporated? Well, I would just point out, Your Honor, that actually what you've described goes way beyond what the allegations are by the plaintiffs. All they say is that, to the best of my recollection, I was not shown the arbitration page. They don't say, I do remember seeing the notice that told me there was a pre-dispute arbitration and it was confusing to me or where is it or I asked for it and I didn't get it or any of those other things. They admit they signed it. They signed it within inches of this statement telling them that there was a pre-dispute arbitration clause. I think under the cases that have been discussed in the briefs and pointed to by Your Honor, it's rather clear that the arbitration clause is valid and binding. Thank you, counsel. Thank you. Your Honor, if I may respond to the points, I would like to quote just the passage from the Riley Declaration, which counsel read a portion of but reads as follows. I'm looking at page 36 of the record, and this is Mr. Riley's declaration. I was the disputed page was never shown to me or my wife. I never saw it and I never agreed to it. It does not contain my signature or my initial or my handwriting regarding me or my account or any identifying information pertaining to me or my wife. Defendant Shrufer never said anything about waiving my right to a jury trial and never said anything about binding arbitration. I never agreed to waive my right to a jury trial and never agreed to binding arbitration. That is an unequivocal statement by the plaintiff that he never agreed. Okay. On the other side, we have Mr. Shrufer saying, well, in my normal practice, I usually give this to them. If that was all we had, that would clearly be a disputed issue of material fact as to did he see it and agree to it? Was it given to him or not? And if that was all we had, it would be clear that that's a jury trial issue. The only extra wrinkle we have here is that on one of the pages, there is an acknowledgment that says we agree to pre-dispute arbitration. That's all it says. Now, that's a factor that the jury can take into account as to whether that means that they really did get the missing page or versus the Riley's testimony that we never got it. So that acknowledgment by itself does not take away the rest of the disputed issues and become solely dispositive of the issue. Unless under California law, the acknowledgment that they agreed to a pre-dispute arbitration of this agreement would be sufficient to bind them to incorporated material that they didn't physically have. Right. There's no cases before, Your Honor, that I'm aware of that still hold that. The closest case that we've cited is the Fox case, which says an acknowledgment. Fox, there was no reference to anything they signed to arbitration. This is more specific than that. Correct. But the thing about the Fox case is it says that an acknowledgment sentence is not determinative. And in the Fox case, they acknowledge to be bound by what was ever in this employee agreement, and in the employee agreement was an arbitration clause. The Fox case wasn't decided under California law either, right? The Fox case is a Kansas case, Your Honor. So it's our view that the clearly disputed positions of both parties, including the acknowledgment sentence as one of the pieces of evidence, should all have been considered by the jury rather than the judge focusing solely on one piece of evidence and saying I'm going to decide this issue based on that. The court didn't decide any factual issue. I believe that it did. It doesn't say it did. I read the ruling to say that the court considered the evidence pro and con and was persuaded by this acknowledgment sentence to make that binding and determinative. Well, I'll read it again, but I fail to see any finding of fact. The court just said it had to, that if he signed a valid agreement, he was bound to go to arbitration and then proceeded to rule as I would see it, that as a matter of law, given the undisputed facts, that portion which you do not dispute, that is a matter of law. There's nothing to, no fact to decide. Now, if the trial court, if he tried to decide an issue of fact, then I think I'd agree with you, but the issue as I see it is whether or not, given the fact that this is a four-page agreement and each page says it's one of four, two of four, and so on, am I right? And the one he signed, did it say four of four? It's actually a three-page agreement, Your Honor. The missing page is front and back of one page. But it says three of three, and that's the page he signed on? It isn't as if they're incorporating some employment policy that isn't part of the agreement. Your Honor, the issue is solely whether or not his assertion and her assertion that they, to the best of their knowledge, they were not shown one of the intervening pages. Right. It's enough to raise an issue of fact as to whether or not they're bound by that contract when they said we've seen it and we're bound by the terms of the agreement that calls for arbitration. Right. Your Honor, on the pages that are in the record, which is submitted by the defendants at four, five, and six, there is a page two of three on the missing page. But on the first and last pages, which my client signed, I see no one of three. So there's no numbering. The second point you raise is as to whether or not the court made factual findings. At page 49 of the record, the court summarizes the arguments of the plaintiffs in that wherein we say we were never shown the arbitration clause, failure to disclose, and so on. And at line 13, the court's order says the court rejects all of plaintiff's arguments. And it goes on to say first the signature appears on page three, and then there's this acknowledgment form. So although the court didn't specifically say here are my findings of fact, essentially that's what the court was doing. It was ignoring the evidence submitted by the plaintiffs. I agree with Judge Lieb that I don't see that at all, that this is just a pure legal question. The court below is making a legal judgment that if the facts were as you represent them, you lose. And we need to decide whether that's true or not or whether instead if the facts are as you represent them, under California law, you might win. And that's the only question. And to get into all this issue about the dispute of facts is just a distraction. All right. Well, I believe that the law does not solely hold that if you sign an acknowledgment, you are bound and that the court is not permitted to enter into factual analysis. Because the only thing that acknowledgment sentence says is that you are agreeing to an arbitration. But if they really were never shown what that arbitration clause said, arbitrate what? Arbitrate all of the disputes, all of the federal securities violations, or is it to arbitrate fee disputes, or what? So that's why it's not dispositive. That acknowledgment sentence is not solely dispositive of the issue and that the jury should have weighed that as a factor along with the other evidence. Thank you, Counselor. Appreciate your argument. Matter stands submitted. Our next case on the calendar is Power Agent Inc. v. Electronic Data Systems. May it please the Court. Andrew Hayes, Boies, Schiller, and Flexner for Plaintiff to Power Agent. I want to focus on two factual assertions in EDS's brief that I think go to the heart of this appeal. I want to touch on three legal points, and if I have time, reserving five minutes for rebuttal, note an important policy issue that is at stake here. The first factual point involves a misstatement regarding the nature of Power Agent's claims.  In which EDS states that Power Agent's amended complaint, quote, added a claim that EDS breached yet a fourth alleged agreement, comma, this one oral, comma, in addition to the three interrelated contracts. The fact is,
judges: Leavy, Paez, Berzon